## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROBERT A. DOANE,

     Plaintiff,

     v.

THE POWER COMPANY USA, LLC

     Defendant.

Case No. 24-cv-11551

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446(b), and LR 81.1, and without waiving the right to assert any defenses or Counterclaims, Defendant The Power Company USA, LLC ("TPC") respectfully files this Notice of Removal to remove this action from the Massachusetts Superior Court, sitting in Middlesex County, to this Court.

Removal is appropriate because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

As grounds for removal, TPC states as follows:

## I.  PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS

1. On April 10, 2024, Robert A. Doane ("Doane") filed a complaint against TPC in the Middlesex Superior Court for the Commonwealth of Massachusetts, entitled, <u>Robert A. Doane v. The Power Company</u>, Middlesex Superior Court, Civil Action No. 2481CV00939 (the "State Court Action").

2. TPC received a copy of the verified complaint on or about May 15, 2024.

3. The State Court Action alleges *inter alia*, breach of the Massachusetts Telemarketing Solicitation Act, G.L. c.159C, as well as breach of G.L. c. 93A.  Doane seeks to

recover "an amount exceeding $100,000" as well as statutory damages of $5,000 for each violation, exclusive of attorney's fees, interest and cost (Complaint ¶ 6).

4.      A copy of all process, pleadings and orders in the State Court Action are attached hereto as **Exhibit 1**.

5.      The Complaint alleges that: (i) Doane is a Massachusetts citizen for purposes of diversity jurisdiction (Complaint ¶ 7), and (ii) TPC is an Illinois citizen for purposes of diversity jurisdiction (Complaint ¶ 8).

6.      On June 11, 2024 the plaintiff sought and received a default against TPC pursuant to Mass. R. Civ. P. 55(a). No default judgment has entered and undersigned counsel will appear in and defend the matter.

7.      TPC is the only named defendant in the State Court Action.

**II.      GROUNDS FOR REMOVAL**

8.      Pursuant to 28 U.S.C. § 1332, this court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

9.      Civil actions for which the district courts have original jurisdiction and which are filed in the first instance in a state court, may be removed by the defendants to the district court for the district and division where the action is pending, providing that none of the parties in interest properly joined and served as defendants are citizens of the state in which such action is brought.  *See* 28 U.S.C. § 1441.

**A.  There Is Complete Diversity Between Doane and TPC**

10.      In this case, Doane states in his Complaint that he is an individual with a residence a 103 Prospect Street, Wakefield, MA 01880.  (Complaint at ¶ 7).

11.     TPC is an Illinois limited liability company with its principal place of business at 770 N. La Salle Drive, Suite 550 Chicago, IL 60654.  Corporate records from the Illinois Secretary of State in support of these facts are attached as **Exhibit 2**.  TPC is a wholly owned subsidiary of Power 1 Energy Co., TPC's sole member, which is a corporation incorporated in in Delaware with a principal place of business in Illinois.

12.     TPC is not a citizen of Massachusetts and no member of TPC is a citizen of Massachusetts.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State where it has its principal place of business.").

13.     Because Doane is a Massachusetts citizen, TPC is a citizen of Delaware and Illinois, and no member of TPC is a citizen of Massachusetts, complete diversity exists between the parties, in accordance with 28 U.S.C. § 1332(a).

**B.  The Amount In Controversy Exceeds $75,000**

14.     On the face of its Verified Complaint, Doane claims he is entitled to recover from "an amount exceeding $100,000" as well as statutory damages of $5,000 for each violation, exclusive of interests and costs (Complaint at p.16).  Accordingly, the amount in controversy exceeds $75,000 and TPC has satisfied 28 U.S.C. §1332(a).

15.     The foregoing establishes that this Court has original jurisdiction to hear the present complaint and that this matter is properly removable to this Court.

**III.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

16.     TPC has complied with all of the relevant procedural requirements for removal.

17.     The case has been removed to the appropriate federal district court.  *See* 28 U.S.C. § 1441(a) (removal to the district court for the district and division where the state-court action is pending).

18.     The present Notice of Removal has been filed 30 days after receipt of the complaint by TPC and has been timely filed.  *See* 28 U.S.C. § 1446(b)(1).

19.     TPC has attached a copy of all process, pleadings and orders in the State Court Action, and will file certified copies of the same within 28 days after filing of this Notice of Removal.  LR 5.4(f).

20.     After filing of this Notice of Removal, TPC will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Middlesex County Superior Court, Commonwealth of Massachusetts in accordance with 28 U.S.C. § 1446(d).  TPC will also give electronic and written notice of this removal to counsel for Doane.

21.     Any other procedural requirements to remove the case have been satisfied.

## IV.     NON-WAIVER OF DEFENSES

22.     By removing this action from the Superior Court for Middlesex County, TPC does not waive any defenses available to it.

23.     By removing this action from the Superior Court for Middlesex County, TPC does not admit any of the allegations in plaintiff's complaint.

**WHEREFORE**, The Power Company LLC respectfully removes the above-captioned action from the Middlesex Superior Court to the United States District Court for the District of Massachusetts for all purposes.

4867-7360-1991

Respectfully submitted,

THE POWER COMPANY USA, LLC

/s/ David A. Michel
David A. Michel BBO# 682122
Daniel S. Guenther BBO# 703463
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
Ph:  617-646-2000
Fx:  617-646-2222
DAmichel@sherin.com
DSguenther@sherin.com
Attorneys for the Defendant

Dated:  June 13, 2024

## CERTIFICATE OF SERVICE

I, David A. Michel, hereby certify that this document filed through the EFC system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 13, 2024.

/s/ David A. Michel
David A. Michel

5

4867-7360-1991