# EXHIBIT 1

## 2481CV00939 Doane, Robert A vs. The Power Company USA, Llc

- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 04/10/2024
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Tortious Action
- Status Date:
- 04/10/2024
- Case Judge:

- Next Event:

| All Information | Party | Tickler | Docket | Disposition |

### Party Information

**Doane, Robert A**
**- Plaintiff**

| Alias | Party Attorney |
| --- | --- |
| | • Attorney |
| | • Reiling, Esq., Richard B |
| | • Bar Code |
| | • 629203 |
| | • Address |
| | • Bottone I Reiling |
| | 63 Atlantic Ave |
| | 3rd Floor |
| | Boston, MA  02110 |
| | • Phone Number |
| | • (617)412-4291 |

**More Party Information**

**The Power Company USA, Llc**
**- Defendant**

| Alias | Party Attorney |
| --- | --- |

**More Party Information**

### Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
| --- | --- | --- | --- | --- |
| Service | 04/10/2024 | 07/09/2024 | 90 | |
| Answer | 04/10/2024 | 08/08/2024 | 120 | |
| Rule 12/19/20 Served By | 04/10/2024 | 08/08/2024 | 120 | |
| Rule 12/19/20 Filed By | 04/10/2024 | 09/09/2024 | 152 | |
| Rule 12/19/20 Heard By | 04/10/2024 | 10/07/2024 | 180 | |
| Rule 15 Served By | 04/10/2024 | 08/08/2024 | 120 | |
| Rule 15 Filed By | 04/10/2024 | 09/09/2024 | 152 | |
| Rule 15 Heard By | 04/10/2024 | 10/07/2024 | 180 | |
| Discovery | 04/10/2024 | 02/04/2025 | 300 | |
| Rule 56 Served By | 04/10/2024 | 03/06/2025 | 330 | |
| Rule 56 Filed By | 04/10/2024 | 04/07/2025 | 362 | |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Final Pre-Trial Conference | 04/10/2024 | 08/04/2025 | 481 | |
| Judgment | 04/10/2024 | 04/10/2026 | 730 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 04/10/2024 | Complaint electronically filed. | 1 | Image |
| 04/10/2024 | Civil action cover sheet filed. | 2 | Image |
| 04/10/2024 | Case assigned to:<br>DCM Track F - Fast Track was added on 04/10/2024 | | |
| 04/10/2024 | Demand for jury trial entered. | | |
| 04/10/2024 | Claim filed under 93A | | |
| 04/10/2024 | Robert A Doane's MOTION for appointment of Special Process Server.<br>of Constable Jason Burke , AAA Constable Service,at 25 Hurd Street, Lowell, MA 01852.<br>ALLOWED. On 04/10/2024. (Budreau, J.). | 3 | Image |
| 04/30/2024 | Plaintiff(s) Robert A Doane's Motion for<br>Appointment of a Special Process Server, Andrew Raphael, LaSalle Process Servers, LP. | 4 | Image |
| 05/02/2024 | Endorsement on Motion for Appointment of a Special Process Server, Andrew Raphael, LaSalle Process Servers, LP. (#4.0): ALLOWED<br>Dated: May 2nd, 2024 and copy mailed<br><br>Judge: Budreau, Hon. James | | Image |
| 05/22/2024 | Service Returned for<br><br>Defendant The Power Company USA, Llc: Service through person in charge / agent; Kay Kang on 5/15/24, at 770 N Lasalle Dr Ste 650 Chicago IL | 5 | Image |
| 06/11/2024 | Robert A Doane's request for Default 55(a)<br><br>Applies To: The Power Company USA, Llc (Defendant) | 6 | Image |
| 06/11/2024 | Entered as to:<br>Defendant The Power Company USA, Llc: Defaulted by 55(a) request; | 7 | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

1

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

| | |
|---|---|
| ROBERT A. DOANE | ) |
| **Plaintiff,** | ) |
| v. | ) |
| THE POWER COMPANY USA, LLC. | ) |
| **Defendant.** | ) |

Civil Action No. 2481CV939

4/10/2024    MG

**RECEIVED**

### COMPLAINT AND REQUEST FOR PERMANENT INJUNCTION
#### (with jury demand endorsed hereon)

NOW comes Plaintiff, **ROBERT A. DOANE**, by and through undersigned counsel, and for his Complaint against The Power Company USA, LLC., states and avers as follows:

### NATURE OF ACTION

1.     This case involves a scheme by Defendant to generate leads for energy resellers in Massachusetts in violation of the provisions of the Massachusetts Telemarketing Solicitation Act, M.G.L. c. 159C (the "MTSA").

2.     Plaintiff brings this action for statutory damages and injunctive relief under the MTSA. Plaintiff likewise seeks compensatory damages for invasion of privacy in accordance with M.G.L. c. 214, § 1B, and compensatory, treble damages and attorney fees for violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to G.L. c. 212, § 3 because the amount in controversy exceeds Fifty-Thousand Dollars ($50,000).

4.      This Court may exercise personal jurisdiction over the Defendant in accordance with M.G.L. c. 223A, §3(a), (b), (c) and (d) as Defendant has conducted business, including telemarketing activities, in the Commonwealth of Massachusetts, contracted to supply services and things in this Commonwealth, caused tortious injury by acts or omissions in this Commonwealth and caused tortious injury in this Commonwealth by acts and omissions outside of the Commonwealth at times the Defendant has regularly solicited business in this Commonwealth.

5.      This Court likewise has personal jurisdiction over Defendant for those claims arising under the MTSA, because "[a] court of the Commonwealth may exercise personal jurisdiction over a nonresident or his executor or administrator as to an action or proceeding authorized by [M.G.L. c. 159C § 12]."

6.      Venue is proper in this Court pursuant to M.G.L. c. 223, § 1 because Plaintiff has a residence in Middlesex County and a substantial part of the events or omissions on which the claims are based occurred in Middlesex County.

## THE PARTIES

7.      Plaintiff, Robert A. Doane ("Plaintiff"), is an individual with a residence at 103 Prospect Street, Wakefield, Massachusetts 01880.   At all relevant times, Plaintiff was a consumer as defined by 940 C.M.R. 19.03.

8.      Defendant The Power Company USA, LLC. ("Defendant"), was at all time relevant a limited liability company organized under the laws of Illinois, with its principal office located at

2

770 N. La Salle Drive, Suite 550 Chicago, IL 60654. Defendant is registered in the

Commonwealth of Massachusetts as a foreign limited liability company (ID Number:

001624599) and the name and address of Defendant's resident agent is Corporation Service

Company, 84 State Street, Boston, MA 02109. At all relevant times, Defendant was a retail

seller of electricity as defined by 940 C.M.R. 19.03.

## STATEMENT OF OPERATIVE FACTS

**Defendant's Illegal Operations**

9.      According to Defendant, Defendant operates a nationwide, professional energy

consulting firm "with an expert perspective on commercial and residential management" and

"operates in all deregulated states". In reality, Defendant is a lead generator for energy

companies, including competitive electric suppliers ("CES") in multiple states, including the

Commonwealth of Massachusetts.

10.     In 1997, the Massachusetts General Court restructured the electricity industry, creating a

market for the supply of electricity ("Restructuring"). The purpose of the Restructuring was to

save electricity customers money on their electricity bills by creating a competitive market for

electricity supply services.

11.     In restructuring the electricity industry, the Legislature recognized that electricity is an

essential service, stating that "electricity service is essential to the health and well-being of all

residents of the commonwealth." St. 1997, c. 164, § 1(a).

12.     In deregulation states, like Massachusetts, CESs may compete to supply the energy

services, but the local distribution companies continue to deliver power through their wires

regardless of which company supplies them[1].

13.     CESs play a middleman role: they purchase power directly or indirectly from generation

companies and sell that electricity to end-user consumers[2].  However, CESs do not deliver that

electricity to consumers.  Rather, generation companies deliver the electricity to distribution

companies, which in turn deliver the electricity to the ultimate consumer.  CESs buy electricity at

the wholesale rate, then sell that power to end-users with a mark-up.  Thus, CESs are essentially

brokers and traders.  They neither make nor deliver electricity, but merely buy electricity from

the generation companies and re-sell it to end-users.

14.     Former Massachusetts Attorney General Maura Healey has expressed serious concerns

about the improper practices of CESs who operate in the Commonwealth of Massachusetts.  In

March 2018, Attorney General Healey issued a report calling for an end to the competitive

electricity supply market for individual residential customers in Massachusetts.  According to the

report, "Massachusetts electric customers who switched to a competitive electric supplier paid

$176.8 million more than if they had stayed with their utility company during the two-year

period from July 2015 to June 2017."  Healey implicitly recognized the false promises made by

CESs: "Competitive electric suppliers promise big energy savings but are actually burdening

customers with hundreds of dollars in extra costs."

---

[1] Prior to Restructuring, Massachusetts distribution companies were responsible for every aspect of the
provision of electric service to Massachusetts customers, including the generation, sale (supply) and
delivery (distribution services) of electricity.
[2] Massachusetts consumers cannot choose the distribution company that provides them with distribution
services, but can choose to buy their electricity supply in the electricity supply market created by
Restructuring.

15.    At all relevant times including 2021, in order to generate sales for CESs, Defendant

contacted Massachusetts consumers by telephone, utilizing prerecorded messages and caller-ID

spoofing (a process that displaces the actual caller identification with a fake local caller

identification). During these calls, Defendant made false and misleading statements concerning

Defendant's business relationship with the CESs and distribution companies, false

representations as the reasons for the calls, false representations relating to the amount of money

to be saved by consumers and purposely failed to give the consumers complete and accurate

pricing information.

16.    At no point was Defendant registered with the Massachusetts Office of Consumer Affairs

and Business Regulations as required by 201 C.M.R. § 12.04.

**Illegal and Harassing Calls to Plaintiff**

17.    Plaintiff is an individual who suffers from chronic pain and a sleep disorder, and often

sleeps during the day. Plaintiff is also the trustee of several trusts and, at the time of the calls

complained of, was the primary caretaker and power of attorney for his elderly parents. In these

capacities, Plaintiff was required to keep his cellphone on his person at all times so he could

attend to the needs of the trusts and direct the care of his elderly parents.

18.    At all times relevant, Plaintiff's cell phone number, XXX-XXX-6577—which has been

his home number since childhood, and has since several year ago, been assigned to his

cellphone—has been registered to a "do not call list" maintained by the Federal Trade

Commission ("FTC").

19.    Calls registered with the FTC are automatically included in the Massachusetts do-not-call

list subject to the MTSA.

20.     Prior to June 10, 2021, Defendant caused at least seven (7) unsolicited prerecorded calls (the "Prerecorded Calls") to be placed to Plaintiff's cellphone using caller-ID "spoofing" and prerecorded messages.

21.     When Plaintiff answered each of the Prerecorded Calls, the same prerecorded message would play urging Plaintiff to press one to switch his electrical service.

22.     Plaintiff did not consent to the receipt of the Prerecorded Calls.

23.     Initially, Plaintiff terminated the Prerecorded Calls by hanging up.  As this was not enough to get the Prerecorded Calls to stop, after receiving seven (7) Prerecorded Calls from spoofed numbers, Plaintiff decided to press one to see who was behind the Prerecorded Calls and insist that they stop calling.  Upon doing so, a live agent came on the line and Plaintiff instructed the agent to stop calling.  The Prerecorded Calls, however, continued unabated.

24.     After receiving another three (3) Prerecorded Calls from spoofed numbers, Plaintiff pressed one again, and for the sole purpose of attempting to identify the offenders, feigned interest.  The agent on this call, however, terminated the call before Plaintiff was able to do so.  Thereafter the agent began to call Plaintiff repeatedly.  Plaintiff did not, however, consent to receive further calls from the agent.

25.     After receiving at least five (5) unsolicited calls from the agent, Plaintiff received a call from 857-444-9247 on June 10, 2021 at 4:58 PM.  Upon answering this call the same agent came on the line and agent falsely stated that he was calling Plaintiff in regards to a notification that he claimed was sent to Plaintiff concerning "the Choice Program".  Plaintiff did receive any such notification.  The agent then indicated that he was calling from a participating supplier as part of the Energy Choice Program and falsely promised 20% savings on Plaintiff's electrical bill over the next 36 months.  Well into the call, after requesting information from Plaintiff concerning his

electrical bill, the agent, who identified himself as David Miller[3], further identified himself as a

"representative" of a certain CES. The agent then indicated that in the event that Plaintiff

switched his electrical service to the CES, there would be no more bothering calls[4].

26.     After promising that the harassing calls would cease if Plaintiff agreed to switch his

service, the agent started to read from a prepared script as follows:

> Hello, my name is David Miller and I am a representative of [the CES], a licensed
> electric provider, I believe you were transferred to me to see if we can possibly help you
> with your energy bill, is that correct Mr. Doane?

27.     Plaintiff then terminated the call. Plaintiff did not give the agent consent to call back.

28.     Contrary to language of the agent's prepared script, Plaintiff was not "transferred" to the

agent.

29.     Following the call, Plaintiff attempted to call back 857-444-9247 and determined that

this, like the earlier Prerecorded Calls, was a spoofed number.

30.     A few minutes after the earlier call, the same agent called back on June 10, 2021 at 5:10

p.m. from another spoofed number—857-444-9305[5]. The agent stated that he had started to read

the script and Plaintiff had hung up. The agent then told Plaintiff to give him "a moment" and

terminated the call. Plaintiff did not give the agent consent to call back.

31.     Following this call, Plaintiff attempted to call 857-444-9305 and determined that this too

was a spoofed number.

32.     On June 10, 2021 at 5:11 PM, Plaintiff received another call from the agent from a

number appearing on his Caller ID as 857-444-9305. After answering the call, Plaintiff informed

the agent that he could not be called back on the numbers appearing on Plaintiff's Caller ID. The

---

[3] The agent stated his employee ID was TPC2017. As it appeared that the agent was calling from a busy
overseas call center, it is likely that "David Miller" was not the agent's actual name.
[4] This suggested that the "bothering" calls would continue if Plaintiff did not agree to switch.
[5] This number was identified as "spam risk".

agent falsely denied using spoofed numbers and falsely indicated that the reason that he could

not be called back on these numbers was that the agent was calling Plaintiff.  The agent then

attempted to read the prepared script again and the call was terminated.  The agent was not given

consent to call back.

33.    On June 10, 2021 at 5:20 PM, the agent called again from 857-444-9305.  After asking

the same questions and reading the prepared script again, the agent indicated that he was going to

be providing a third-party verification.  During this process, as opposed to allowing Plaintiff to

answer independently, the agent answered the questions for Plaintiff and Plaintiff received an

indication that the verification had been completed.

34.    Following the "verification", Plaintiff contacted the CES for which the agent claimed to

be a representative.  This CES disclosed Defendant as the source of the calls.

35.    The CES also indicated that Defendant had (falsely) informed the CES that Plaintiff had

supposedly called Defendant after responding to an ad for *walk-in tubs*.  Specifically, Defendant

falsely claimed to the CES that Plaintiff responded to the following ad:

Ad · ██████████████████    ⓘ

**Walk In Tubs - One Day Installation**

Stylish Low Maintenance Walk-In Tubs. Customized Safety
Features. Comfortable Heated Seating. Hydrotherapy Air
Easy Tub Entry. Easy Payment Terms. Call Now to
Schedule a Free Customized Estimate!

📞  Call (800) 418-2918

36.    Plaintiff did *not* respond to the walk-in tubs ad.  Even if he had, it is absurd to suggest

that responding to an ad concerning walk-in tubs would have given Defendant license to solicit

him on behalf of the CES to change his electricity supplier.

37.    Defendant next upped the ante and falsely claimed to the CES that Plaintiff had opted in

during two calls on April 11, 2021.  Defendant provided recordings from a call center attempting

8

to sell Plaintiff Medicare Supplemental Insurance, and altered the same to attempt to fraudulently manufacture proof of consent.

38.     At no time did Plaintiff opt in to be contacted by Defendant.

39.     On June 23, 2021, Plaintiff sent Defendant a demand letter (the "Demand Letter") in accordance with M.G.L. c. 93A.  In addition to making a claim under c. 93A, the Demand Letter demanded that Defendant immediately stop calling Plaintiff and likewise demanded that the Defendant provide a copy of Defendant's do-not-call policy and the names of Defendant's telemarketers.

40.     Defendant did not provide a copy of its do-not-call policy and did not make a reasonable offer of settlement.

41.     As a direct and proximate result of Defendant's aforementioned illegal telemarketing activities, Plaintiff has suffered actual harm, including but not limited to, invasion of privacy, loss of concentration, loss of productivity, loss of sleep, annoyance, aggravation, emotional distress, diminished value and utility of his cell phone and subscription services, wear and tear to his cell phone, the loss of battery charge and battery life, and per-kilowatt electricity cost required to recharge his cellular telephone as a result of increased usage of his cell phone services.

42.     In addition to the foregoing, as a direct and proximate result of Defendant's aforementioned illegal telemarketing activities, Plaintiff was forced to identify those responsible to try and get the illegal activities to cease, and in the process of doing so incurred expense in time, materials, and use of equipment.

## COUNT I
### Violations of the Massachusetts Telemarketing Solicitation Act, G.L. c. 159C

43.     The allegations of paragraphs one (1) through forty-two (42) of this Complaint are realleged and incorporated by reference.

44.     The MTSA and the regulations promulgated under the authority of the MTSA impose strict pre-conditions, limitations and restrictions on unsolicited telephonic sales calls made to Massachusetts residents, and any such calls not in compliance with any of these pre-conditions, limitations and restrictions are prohibited.

45.     At all relevant times, Plaintiff was a "consumer" as defined by M.G.L. c. 159C, § 1.

46.     At all relevant times, Defendant was a "telephone solicitor" as defined by M.G.L. c. 159C, § 1.

47.     Telephone solicitors engaging in unsolicited telephone sales calls to Massachusetts consumers are required to "properly register on an annual basis" with the Massachusetts Office of Consumer Affairs and Business Regulations (the "OCABR"). 201 C.M.R. § 12.04.

48.     At all times relevant, including but not limited to 2021, Defendant was not registered with the OCABR, as required by 201 C.M.R. § 12.04.

49.     By failing to comply with the registration requirement, Defendant failed to satisfy a basic, threshold requirement for conducting solicitations in Massachusetts and, thus violated the MTSA.

50.     The Defendant violated the MTSA in connection with the calls complained-of herein in the following respects:

    a.      By making unsolicited sales calls to Plaintiff without prior express consent or permission in violation of M.G.L. c. 159C, § 1;

b.      By calling Plaintiff after Plaintiff expressed his desire not to receive further calls, in violation of M.G.L. c. 159C, § 1;

c.      By calling Plaintiff on his cell phone while he was registered with the Massachusetts Do Not Call registry in violation of M.G.L. c. 159C, § 3 and 201 C.M.R. § 12.02(1);

d.      By making calls to Plaintiff without proper disclosure concerning the identity of the telemarketers and the ultimate seller in violation of M.G.L. c. 159C, § 5A and 201 C.M.R. § 12.02(7);

e.      By failing to keep and consult the Massachusetts Do Not Call registry prior to calling Plaintiff in violation of 201 C.M.R., §§ 12.04(3) and 12.02(6); and

f.      By using falsified and displaced caller identification in connection with the Prerecorded Calls to Plaintiff in order to circumvent the use of caller identification services or devices in violation of M.G.L. c. 159C, § 4 and 201 C.M.R., § 12.02(5).

51.    The MTSA provides that "[a] person that receives more than 1 unsolicited telephonic sales call within a 12-month period by or on behalf of the same person or entity in violation of [c. 159C] may … bring an action to recover for actual monetary loss from such knowing violation or to receive not more than $5,000 in damages for such knowing violation, whichever is greater …"

52.    As set forth above, Defendant has violated the MTSA on at least twenty (20) occasions.

53.    As a direct and proximate result of Defendant's violations of the MTSA, Plaintiff has suffered actual damage as set forth above and other like and serious harm in an amount to be established at trial.

## COUNT II
### Invasion of Privacy by Intrusion Upon Seclusion

54.    The allegations of paragraphs one (1) through fifty-three (53) of this Complaint are realleged and incorporated by reference.

55.    The Massachusetts Privacy Act, M.G.L. c. 214, § 1B, provides, in relevant part, "a person shall have a right against unreasonable, substantial or serious interference with his privacy."

56.    A plaintiff may support a claim of invasion of privacy by showing that a defendant has intruded unreasonably upon the plaintiff's solitude or seclusion.

57.    Defendant, knowingly, willfully, intentionally, maliciously and without regard for the rights of Plaintiff, intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with repeated calls as set forth above.

58.    Defendant's calls to Plaintiff were so intrusive as to be considered "hounding the plaintiff" and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

59.    Defendant's conduct resulted in multiple invasions of Plaintiff's privacy in such a manner as would be considered highly offensive to a reasonable person.

60.    As a direct and proximate result of the invasion of privacy of Plaintiff by Defendant, Plaintiff has suffered the harm set forth above and other like and serious harm in an amount to be established at trial.

61.    All of the acts complained of were committed with malice, intent, wantonness and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT III
### Violations of the Massachusetts Consumer Protection Act, G.L. c. 93A

62.     The allegations of paragraphs one (1) through sixty-one (61) of this Complaint are realleged and incorporated by reference.

63.     The Consumer Protection Act, M.G.L. c. 93A, § 2 provides: "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

64.     At all times relevant, Defendant was engaged in trade or commerce in Massachusetts within the meaning of M.G.L. c. 93A §2.

65.     940 C.M.R. §3.16(3) provides that an act or practice violates M.G.L. c. 93A, §2 "if it fails to comply with existing statutes, rules, regulations, or laws, meant for the protection of the public's health, safety or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide consumers of this Commonwealth protection."

66.     The MTSA was promulgated by the Commonwealth for the protection of the consumers of the Commonwealth, including Plaintiff.

67.     Defendant's numerous violations of the MTSA (and the regulations promulgated thereunder) constitute unfair and deceptive conduct in violation of M.G.L. c. 93A, § 2.

68.     Defendant likewise engaged in unfair and deceptive conduct by willfully employing telemarketers who Defendant either knew or should have known utilized illegal practices and methods in order to attempt to solicit Massachusetts consumers.

69.     Defendant further engaged in unfair and deceptive conduct by repeatedly violating Plaintiff's right to privacy and tape recording conversations with Plaintiff and fraudulently altering those recordings in an attempt to evade liability for the illegal actions complained of.

70.    Pursuant to its authority to do so under M.G.L. c. 93A, § 2, the Massachusetts Attorney General has promulgated consumer protection regulations concerning unfair or deceptive acts or practices specific to retail advertising.  See 940 C.M.R. 3.00 et seq. and 940 C.M.R. 6.00 et seq. These regulations apply to the marketing and sale of electricity supply in the Commonwealth.

71.    Additionally, in recognition of the potential for consumers to be harmed by unfair or deceptive acts or practices in the retail electric supply market created by the Restructuring, the Massachusetts General Court directed the Attorney General to "promulgate rules and regulations relative to methods, acts, and practices of electric and generation companies and suppliers." M.G.L. c. 164, § 102C(a).

72.    Consistent with this directive, the Massachusetts Attorney General has promulgated regulations concerning unfair or deceptive acts or practices in the competitive electric supply market.  Those regulations are codified at 940 C.M.R. 19.00.

73.    Any violation of any provision of 940 CMR 19.00 is a violation of M.G.L. c. 93A, § 2(a). See 940 CMR 19.01.

74.    940 C.M.R. 19.04 provides that it is an unfair or deceptive act or practice "to make any material representation to the public or to any consumer. . .which the seller knows or should know has the capacity or tendency to deceive or mislead a reasonable consumer, or that has the effect of misleading a reasonable consumer, in any material respect. . . ."

75.    The Defendant violated the provisions of 940 C.M.R. 19.04 by making false statements and material omissions in its communications with Plaintiff concerning Defendant's business relationship with the CES, the terms of the proposed agreement with the CES, the time period that the supposed savings would be available, the reasons for the calls and the amount of money

to be saved by Plaintiff and by purposely failing to give Plaintiff complete and accurate pricing information.

76.     A customer cannot be switched to a competitive supplier without the customer's consent ("affirmative choice"). Unauthorized switching of energy suppliers - also known as "slamming" - is illegal. See M.G.L. c. 164, § 1F(8)(a); 220 CMR 11.05 (4)(c). Affirmative choice may be evidenced by: (1) a customer signed letter of authorization; (2) third party verification; or (3) or the completion of a toll-free call made by the consumer to an independent third party operating in a location physically separate from the telemarketing representative who has obtained the consumer's initial oral authorization to change to a new competitive supplier. M.G.L. c. 164, § 1F(8)(a); 220 CMR 11.05(4)(c).

77.     Pursuant to 940 CMR 19.06(1)(d) it is an unfair and deceptive practice to "replace or arrange to replace a consumer's current provider of electricity service with its own service or with the service of any other retail seller of electricity, without the consumer's express, affirmative consent. . ."

78.     The Defendant engaged in unfair and deceptive conduct by engaging in a sham third party verification process by, amongst other things, answering the verification questions for Plaintiff as opposed to permitting Plaintiff to make his own affirmative choice as required by M.G.L. c. 164, § 1F(8)(a)(i).

79.     Defendant, who chose to do business in Massachusetts, knew or should have known of the requirements and prohibitions of the MTSA (and its underlying regulations), the Massachusetts Privacy Act, M.G.L. c. 164, § 1F, 940 C.M.R. 19.00 et seq, and Massachusetts common law. Accordingly, their violations of M.G.L. c. 93A, § 2 were willful and knowing.

80.    As a direct and proximate result of the aforementioned violations of M.G.L. c. 93A,

Plaintiff has suffered the harm set forth in paragraphs forty-one (41) and forty-two (42) above

and other like and serious harm in an amount to be established at trial.

81.    Plaintiff sent Defendant a 30-day Massachusetts Consumer Protection Act, M.G.L. c.

93A demand letter, to which Defendant failed to timely respond with a reasonable offer of

settlement.

82.    Plaintiff states upon information and belief that as of the filing of this Complaint,

Defendant's unlawful conduct in violation of the TCPA, MTSA, M.G.L. c. 164, 940 C.M.R.

19.00 et seq. and Chapter 93A is continuing.  Said conduct, including the unsolicited, harassing

and unlawful calls, as alleged herein, will continue, and will inflict further damage on Plaintiff

and Massachusetts consumers, unless and until this Court, or another court of competent

jurisdiction, issues an order directing Defendant to cease and desist from said conduct and

permanently enjoining Defendant from conducting illegal telemarketing in the Commonwealth

of Massachusetts.

83.    Accordingly, while monetary damages may be sufficient to compensate Plaintiff and for

past violations, injunctive relief is necessary in order to stop Defendant's unlawful course of

conduct from continuing.

    **WHEREFORE**, as to all Counts, the Plaintiff requests that this Court:

Enter judgment for Plaintiff and against Defendant as follows:

1.    Award Plaintiff his actual, compensatory, punitive and special damages to be determined

at trial in an amount exceeding $100,000.00;

2.    Find that Defendant violated the MTSA, and award Plaintiff statutory damages of not less

than $5,000.00 for **each** violation;

3.      Find that Defendant's actions and omissions complained of were willful, knowing,

intentional, unfair, and deceptive, in violation of M.G.L. c. 93A and award Plaintiff actual,

statutory and/or multiple damages;

4.      Award Plaintiff his reasonable costs, expert fees, attorney fees and expenses;

5.      Issue a **permanent injunction**, enjoining Defendant from additional and continuing

violations of the MTSA, M.G.L. c. 164. 940 C.M.R. 19.00 et seq. and Chapter 93A;

6.      Issue a **permanent injunction**, enjoining Defendant from engaging in telemarketing

activities in the Commonwealth of Massachusetts until such time as Defendant can demonstrate

full compliance with Massachusetts law and regulations, including 201 C.M.R. § 12.00 et seq.;

7.      Order disgorgement of all Defendant's ill-gotten profits and revenues generated in

connection with its illegal telemarketing activities in the Commonwealth of Massachusetts,

including but not limited all monies paid to Defendant from CESs for contacts with

Massachusetts consumers; and

8.      Award Plaintiff pre-judgment interest and such other and further relief as Plaintiff may be

entitled at law or in equity.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE**


Dated:  April 10, 2024                          Respectfully Submitted,

                                                Robert A. Doane,

                                                By his Attorney

                                                /s/RICHARD B. REILING
                                                RICHARD B. REILING BBO#629203
                                                BOTTONE | REILING
                                                63 Atlantic Street, 3rd FL
                                                Boston, MA 02110
                                                Phone:     (617) 412-4291
                                                Email:  richard@bottonereiling.com

| Save as PDF | | Reset Form |
|---|---|---|

## CIVIL ACTION COVER SHEET

Help-Party Information

**DOCKET NUMBER** 2481CU939

**Massachusetts Trial Court**
**Superior Court**

**COUNTY** Middlesex Superior Court (Woburn)

| Plaintiff | Robert A. Doane | ⊕ Defendant: | ⊕ The Power Company USA, LLC |
|---|---|---|---|
| ADDRESS: | 103 Prospect Street | ADDRESS: | 770 N. La Salle Dr., Ste. 550 |
| | Wakefield, MA 01880 | | Chicago, IL 60654 |
| Plaintiff Attorney: ⊕ | Richard B. Reiling, Esq. | Defendant Attorney ⊕ | |
| ADDRESS: | 63 Atlantic Ave., 3rd FL | ADDRESS: | |
| | Boston, MA 02110 | | |
| BBO: | 629203 | BBO: | |

| | Add Parties | Remove Parties |
|---|---|---|

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Violation of MTSA, Invasion of Privacy, 93A | F | ⊙ YES ○ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ⊙ YES ○ NO | ○ YES ⊙ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses       **RECEIVED**     4/10/2024

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses     MG

    5. Total other expenses (describe below)

                        Subtotal (1-5):   $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)   $100,000.00

Statutory damages, invasion of privacy, use of equipment and emotional distress.

                        TOTAL (A-F):   $100,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Statutory damages, invasion of privacy, use of equipment and emotional distress.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| | Add Claim | Delete Claim |
|---|---|---|

Date Filed 4/10/2024 2:57 PM Case 1:24-cv-11551-NMG    Document 1-3    Filed 06/13/24    Page 22 of 32
Superior Court - Middlesex
Docket Number Court Civil Action Cover Sheet

4/10/24, 11:30 AM

| Signature of Attorney/Self-Represented Plaintiff: X  /s/RICHARD B. REILING | Date: | April 10, 2024 |

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

N/A

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X  /s/RICHARD B. REILING | Date: | April 10, 2024 |

SC0001: 02/24                                www.mass.gov/courts                       Date/Time Printed:03-18-2024 10:17:12

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
# SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (X) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice  - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|

Date Filed 4/10/2024 2:50 PM
Superior Court - Middlesex
Docket Number Superior Court Civil Action Cover Sheet

4/10/24, 11:30 AM

B03       Motor Vehicle Negligence-Personal Injury    _____F____    ☑ YES    ⁻ NO

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant m file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

SC0001: 02/24                    www.mass.gov/courts                    Date/Time Printed:03-18-2024 10:17:1

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX COUNTY**                    **SUPERIOR COURT DEPARTMENT**
                                                            **OF THE TRIAL COURT**

ROBERT A. DOANE                    )
                                                 )
    **Plaintiff,**                         )        Civil Action No. 2481CV939
                                                 )
v.                                               )
                                                 )
THE POWER COMPANY USA, LLC.        )        4/10/2024    MG
                                                 )
    **Defendant.**                       )        **RECEIVED**
                                                 )

### MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), Plaintiff **ROBERT A. DOANE,** hereby moves for an

order appointing Constable Jason Burke, AAA Constable Service, 25 Hurd St., Lowell, MA

01852 or his employees or agents, as special process server in the above-captioned action. The

person to be appointed special process server is experienced in the service of process, and is 18

years of age or older, and is not a party to this action.

Dated: April 10, 2024

                                      ROBERT A. DOANE
                                      By his attorney,

04-10-24 Motion Allowed

Attest: _A. Bernard_
                      Deputy Assistant Clerk        /s/RICHARD B. REILING
(Budreau, J.)                                        RICHARD B. REILING Esq. (BBO#629203)
                                       BOTTONE|REILING
                                       63 Atlantic Avenue, 3rd Floor
                                       Boston, Massachusetts 02110
                                       Phone:     (617) 412-4291
                                       richard@bottonereiling.com

1

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX COUNTY**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT**

ROBERT A. DOANE )
)
     **Plaintiff,** )
)
v. )
)
THE POWER COMPANY USA, LLC. )
)
     **Defendant.** )
)
)

**Civil Action No. 2481CV00939**

**RECEIVED**

**04/30/24**

## MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), Plaintiff **ROBERT A. DOANE,** hereby moves for an order appointing Andrew Raphael, LaSalle Process Servers, LP, 105 W. Madison St., Ste. 1306, Chicago, IL 60602 or his employees or agents, as special process server in the above-captioned action. The person to be appointed special process server is experienced in the service of process, and is 18 years of age or older, and is not a party to this action.

Dated: April 30, 2024

          ROBERT A. DOANE
          By his attorney,

          /s/RICHARD B. REILING
          RICHARD B. REILING Esq. (BBO#629203)
          BOTTONE|REILING
          63 Atlantic Avenue, 3rd Floor
          Boston, Massachusetts 02110
          Phone:     (617) 412-4291
          richard@bottonereiling.com

JB

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX COUNTY**

**SUPERIOR COURT DEPARTMENT**
**OF THE TRIAL COURT**

|  |  |
|---|---|
| **ROBERT A. DOANE** ) | |
| ) | **Civil Action No. 2481CV00939** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **RECEIVED** |
| **THE POWER COMPANY USA, LLC.** ) | |
| ) | **04/30/24** |
| **Defendant.** ) | |
| ) | |
| ) | |

## MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), Plaintiff **ROBERT A. DOANE,** hereby moves for an order appointing Andrew Raphael, LaSalle Process Servers, LP, 105 W. Madison St., Ste. 1306, Chicago, IL 60602 or his employees or agents, as special process server in the above-captioned action. The person to be appointed special process server is experienced in the service of process, and is 18 years of age or older, and is not a party to this action.

Dated: April 30, 2024

ROBERT A. DOANE
By his attorney,

05-02-24 Motion Allowed
Attest: _Bernard_
Deputy Assistant Clerk
_Brian Wall_ J.)

/s/RICHARD B. REILING
RICHARD B. REILING Esq. (BBO#629203)
BOTTONE|REILING
63 Atlantic Avenue, 3rd Floor
Boston, Massachusetts 02110
Phone:      (617) 412-4291
richard@bottonereiling.com

JB

## Affidavit of Process Server

Robert A. Doane _____ vs. The Pawn Company USA LLC 2481CV939

Plaintiff/Petitioner _____ Defendant/Respondent _____ Case#

Being duly sworn, on my oath, I _____ Barry A Savage Sr

declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:**    I served    The Pawn Company USA, LLC

NAME OF PERSON/ENTITY BEING SERVED

with the (documents)    ☐ Subpoena with $ _____ witness fee and mileage

☒ Summons, Civil Action Cover Sheet & Complaint

by serving (NAME)    Kay Kang Admin

at ☐ Home

☐ Business    770 N LaSalle Dr Ste 650 Chicago IL

☐ on (DATE)    05-15-2024    at (TIME) 1:47

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) _____

From (CITY) _____    (STATE) _____

**Manner of Service:**

☐ By Personal Service

☒ By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof, namely, &Kay Kang Authorize to Accept

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:**    After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Evading    ☐ Other: _____
☐ Address does not exist    ☐ Service cancelled by litigant
☐ Moved, Left no forwarding    ☐ Unable to serve in a timely fashion

**Service Attempts:**    Service was attempted on: ( ) _____ ,( ) _____ ,( ) _____

| DATE | TIME | DATE | TIME | DATE | TIME |
|------|------|------|------|------|------|
| ( ) | | ,( ) | | ,( ) | |
| DATE | TIME | DATE | TIME | DATE | TIME |

**Description:**

| | | | | | |
|---|---|---|---|---|---|
| ☐ Male | ☐ White | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☒ Black | ☐ Brown Hair | ☐ Balding | ☒ 21-35 Yrs. | ☒ 5'-5'3" | ☐ 100-130 Lbs. |
| | ☐ Hispanic | ☐ Blond Hair | | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs. |
| ☐ Glasses | ☐ Asian | ☐ Gray Hair | ☐ Mustache | ☐ 51-65 Yrs. | ☐ 5'9"-6' | ☒ 161-200 Lbs. |
| | ☐ Indian | ☐ Red Hair | ☐ Beard | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

OTHER IDENTIFYING FEATURES: _____

State of Illinois    County of Cook

Subscribed and sworn to before me
A notary public, this 21 day of May 20 24

_____ SERVED BY
LASALLE PROCESS SERVERS
ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432

Notary Public

OFFICIAL SEAL
ANDREW JAY RAPHAEL
Notary Public, State of Illinois
Commission No. 981147
My Commission Expires November 13 2027

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

## Commonwealth of Massachusetts

MIDDLESEX, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2481CV00939

Robert A. Doane , PLAINTIFF(S),

v. The Power Company USA, LLC , DEFENDANT(S)

RECEIVED
5/22/2024

### SUMMONS

THIS SUMMONS IS DIRECTED TO The Power Company USA, LLC (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Court, 200 Trade Center, Woburn, MA (address), by mail or in person, **AND**

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Richard B. Reiling, ESQ, 103 Atlantic Ave 2nd FL, Boston, MA 02110

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

NS

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Heidi Brieger,
Witness Hon. ████████t, Chief Justice on _____, 20 ___ .

*Michael A. Sullivan*

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20 ___ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____, 20 ___    Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

, 20 ___

**6**

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX COUNTY**                    **SUPERIOR COURT DEPARTMENT**
                                        **OF THE TRIAL COURT**

| | |
|---|---|
| **ROBERT A. DOANE** )  | |
| )  | |
| **Plaintiff,** )  | **Civil Action No. 2481CV00939** |
| )  | |
| **v.** )  | |
| )  | |
| **THE POWER COMPANY USA, LLC.** )  | |
| )  | |
| **Defendant.** )  | |
| )  | |

**REQUEST FOR DEFAULT**
**(Pursuant to Rule 55(a))**

**RECEIVED**
**6/10/2024**

To the Clerk of the above-named Court:

I, Richard B. Reiling Esq., attorney for the above-named Plaintiff states that the

complaint in which affirmative relief is sought against the Defendant The Power Company USA,

LLC was filed on April 10, 2024 and the summons and copy of the complaint have been served

on said Defendant by special process server on May 15, 2024. The time within which the

Defendant shall serve a responsive pleading or otherwise defend pursuant to Rule 12(a) of the

Massachusetts Rules of Civil Procedure has expired and the Defendant has failed to serve or file

an answer or otherwise defend as to the complaint.

**WHEREFORE**, the Plaintiff makes application that the Defendant be defaulted.


Dated: June 10, 2024
Boston, Massachusetts

1

NS

ROBERT A. DOANE
By his attorney,


/s/RICHARD B. REILING
RICHARD B. REILING Esq. (BBO#629203)
BOTTONE|REILING
63 Atlantic Avenue, 3rd Floor
Boston, Massachusetts 02110
Phone:        (617) 412-4291
richard@bottonereiling.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been

served upon Defendant, The Power Company USA, LLC, 770 N. La Salle Drive, Ste. 550,

Chicago, IL 60654 by Regular U.S. Mail, postage pre-paid this 10th day of June, 2024.


/s/RICHARD B. REILING
RICHARD B. REILING Esq. (BBO#629203)
BOTTONE|REILING

2

| DEFAULT ORDER (Mass. R. Civ. P. 55(a)) | DOCKET NUMBER 2481CV00939 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME Doane, Robert A vs. The Power Company USA, Llc | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |
|---|---|

The party(s), named below, having failed to plead or otherwise defend the case as required by the rules of civil procedure, and plaintiff having shown that fact by affidavit or otherwise, is(are) hereby defaulted pursuant to Mass. R. Civ. P. 55(a).

The Power Company USA, Llc

The plaintiff shall file one of the following, if not already entered:

1. in accordance with Mass. R. Civ. P. 55(b)2 and subject to Mass. R. Civ. P. 54(b) and 55(b)4, file a motion for an assessment of damages and default judgment by, 07/11/2024.

or

2. in accordance with Mass.R.Civ.P. 55(b)(1) (for a sum certain or for a sum which can by computation be made certain) and subject to Mass.R. Civ. P. 54(b) and 55(b)4, file a request for default judgment by, 07/11/2024.

| DATE ISSUED 06/11/2024 | CLERK OF COURTS Michael A. Sullivan, Clerk of Court | ASSISTANT CLERK X | SESSION PHONE# (781)939-2772 |
|---|---|---|---|

Date/Time Printed: 06-11-2024 09:08:37    SCV039i 05/2014